SUMMARY ORDER
Defendant Eric Gravel appeals from a November 19, 2007 judgment entered in the District Court, following a guilty plea. Specifically, defendant pleaded guilty to conspiring to distribute 100 grams or more of heroin and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841, and being an unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924. The District Court sentenced defendant principally to a term of 112 months imprisonment. We assume the parties familiarity with the factual and procedural history of the case.
Defendant’s sole argument on appeal is that his sentence is substantively unreasonable, insofar as it is lengthier than the sentences imposed on defendant’s four co-conspirators. In particular, defendant argues that he was only a “mid-level and non-violent participant in the conspiracy,” unlike several of the others who received lighter sentences, and accordingly asks that the matter be remanded for a new sentencing hearing. Appellant’s Br. at 14.
In reviewing a substantive unreasonableness claim, “we will not substitute our own judgment for the district court’s on the question of what is sufficient to meet the § 3553(a) considerations in any particular case,” and will “set aside a district court’s substantive determination only in exceptional cases where the trial court’s decision cannot be located -within the range of permissible decisions.” United States v. Cavera, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (internal quotation marks emphasis omitted). In short, our task is only “to patrol the boundaries of reasonableness, while heeding the Supreme Court’s renewed message that responsibility for sentencing is placed largely in the precincts of the district courts.” Id. at 191. With respect to disparities between the sentences of co-conspirators, we have previously stated that “it is appropriate for a district court, relying on its unique knowledge of the totality of circumstances of a crime and its participants, to impose a sentence that ... reflects] the extent to which the participants in a crime are similarly (or dissimilarly) situated and tailor the sentences accordingly.” United States v. Wills, 476 F.3d 103, 110 (2d Cir.2007), abrogated on other grounds by Cavera, 550 F.3d at 191.
After hearing from defendant and the government at sentencing, the District Court carefully addressed the § 3553(a) factors and the different in length between defendant’s sentence and those of his co-conspirators:
I want to say that I thought about the factors under 3553(a), in particular the proportionality, and there’s a distinction between this defendant and others. First, the criminal history is different. Second, the distribution of ... guns is different. Third, I appreciate the argument of leadership role. That obviously factored into his sentence as opposed to a nonleadership role. But the fact is the quantities that this defendant distributed were large and significant. And fourth, the fact that once ... charged, this defendant has had a tremendous pattern of just ignoring court orders and violating court orders, and, you know, *57 that just continued on, and I think that that distinguishes, at least in regard to proportionality, what would seem otherwise to be unfair. And the fact that I’ve tried to adjust his sentence both by way of criminal history and also by way of giving him credit to accurately reflect the time he should serve in this particular offense. .So I’ve considered all of those factors and feel that this is the appropriate sentence.
Appellant App. at 95-96.
In light of the District Court’s thoughtful analysis, and in light of the fact that the sentence imposed was at the low end of the applicable Guidelines range, we cannot find that the sentence is outside the broad “range of permissible decisions.” Cavern, 550 F.3d at 189.

CONCLUSION

We reject all of defendant’s arguments on appeal. Accordingly, the judgment of the District Court is AFFIRMED.